UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

November 3, 2005

Memo To Counsel Re: MDL-15864, INVESCO Subtrack;
*Lepera v. INVESCO Group, Inc., et al.*
Civil No. JFM-04-0814

Dear Counsel:

The purpose of this memorandum is to rule upon the motions to dismiss the **consolidated amended class action** complaint in the *INVESCO* subtrack.

<u>Motion of the INVESCO defendants other than the AIM defendants.</u>  Granted in part and denied in part for the same reasons, and in the same respects, stated in the investor class opinion and order I issued in the *Janus* subtrack in connection with the claims against the Janus defendants. The ruling regarding the section 36(b) claim is subject to later determination as to whether the claim may be brought in the class action or only in the derivative fund action.[1]

<u>Motion of the AIM defendants.</u>  Granted as to all claims that are being dismissed against the other INVESCO defendants; ruling deferred as to claims that are not being dismissed as to the other INVESCO defendants. I will rule upon the particularized defenses these defendants assert at a later date when my schedule permits.

<u>Motion of the Fund Registrant defendants.</u>  Granted for the reasons stated in my *Janus* investor class opinion. 2005 U.S. Dist. LEXIS 18083 at *, n.3.

<u>Motion of the Canary defendants.</u>  Ruling deferred because action is stayed as to these defendants.

<u>Motion of the Bank of America and Bears, Stearns defendants.</u>  Granted in part and denied in part for the same reasons, and in the same respects, stated in the investor class opinion and order I issued in the *Janus* subtrack in connection with the claims against the Bank of America and Bear, Stearns defendants.

---

[1] It is my understanding that the Fund Registrant defendants are the only defendants covered by the ruling I made in footnote 3 of my *Janus* investor class opinion. I ask you to advise me if my understanding is incorrect.

<u>Motion of STC and Grant D. Seeger</u>.  Granted in part and denied in part for the same reasons, and in the same respects, stated in the investor class opinion and order I issued in the *Janus* subtrack in connection with the claims against the Bank of America and Bear, Stearns defendants.  Plaintiffs have made sufficient allegations from which it could be inferred that STC and Seeger engaged in manipulative acts to facilitate late trades.

<u>Motions of Facilitator Broker, Clearing Broker, and Financing defendants other than the Bank of America and Bears, Stearns defendants, STC, and Grant D. Seeger.</u>  Granted, without leave to amend, for the same reasons stated in the investor class opinion and order I issued in the *Janus* subtrack in connection with the claims against the broker dealer defendants other than Bear, Stearns and Bank of America.[2]

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                        Very truly yours,

                                        /s/

                                        J. Frederick Motz
                                        United States District Judge

---

[2]Defendants James Lewis, Kraig Kibble, and James Lin have filed motions to dismiss for lack of personal jurisdiction.  Although I should, as a matter of logic, decide those motions before considering whether plaintiffs have stated a claim against Lewis, Kibble, and Lin, as a matter of efficiency, I am not not doing so because, for reasons stated by other defendants, even if Lewis, Kibble, and Lin are subject to personal jurisdiction, the claims against them must be dismissed.